Gail ELLIOTT, individually and as Guardian Ad Litem for Minors Marcus J. Cowan, Austin J. Cowan and Jeremy A. Cowan, Plaintiffs–Appellants,

v.

ST. JOHN'S REGIONAL HEALTH CENTER, a Missouri corporation, and Sisters of Mercy Health System, a Missouri corporation, Defendants–Respondents.

No. 28424.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 15, 2008.

Robert D. Curran, Curran Law Firm, Springfield, MO, for Appellants.

Tina G. Fowler, Lathrop & Gage, L.C., Springfield, MO, for Respondents.

GERALD D. McBETH, Senior Judge.

This appeal arises from a summary judgment entered by the Circuit Court of Greene County in favor of St. John's Regional Health Center and Sisters of Mercy Health System (collectively "St. John's"). Review of a grant of a summary judgment is de novo. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply, Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The appellate court need not defer to the trial court's order. *Id.*

James Stephen Cowan ("Cowan") worked for St. John's from 1982 until his death in August 2002. During his employment, St. John's provided him with life insurance under a group life insurance policy. The benefits were provided by Great West Life and Annuity Insurance Company ("Great West") thru December 1997. From that time on Life Insurance Company of North America ("LINA") provided coverage until Cowan's death in August of 2002.

When Cowan was first employed by St. John's he was single, and made no beneficiary designation. On May 20 of an uncertain year, he named Gail Marie Elliott ("Elliott"), a friend, as beneficiary. Cowan and Elliott were married on March 10, 1989. On September 21, 1989, he changed the beneficiary designation to Gail (Elliott) Cowan. On January 4, 1995, Elliott's and Cowan's marriage ended in dissolution. On October 19, 1995, Cowan married Kelly Johnson ("Johnson"). Subsequent to the marriage, Cowan notified St. John's Human Resources Department of the marriage and added Johnson to his health insurance. However, he did not change his designation of his life insurance beneficiary.

In August of 2002 Cowan committed suicide. Elliott, Cowan's children from his marriage with Elliott, and Johnson made claim to the $84,000 life insurance benefit. LINA interpleaded in federal court and paid the $84,000 into court. The parties entered a settlement agreement which provided for $21,075.36 to Johnson and the balance to Elliott and the children. This suit followed claiming negligence in Count I and negligent misrepresentation in Count II in that (1) LINA had an oral agreement to honor the beneficiary designations made under the Great West designation; (2) LINA'S oral agreement was unenforceable; (3) St. John's should have asked Cowan to sign a new beneficiary designation when LINA became the underwriter; (4) St. John's failure to do so deprived Cowan of the right to designate the beneficiary of his choice; and (5) Elliott and the children (collectively "Appellants") were third party beneficiaries of the life insurance contract between St. John's and Cowan. Appellants claimed damages in the amount of $41,056, which

Appellants assert is the $84,000 policy amount, plus accrued interest, less the $42,044 remaining from the prior settlement after the payment of attorneys' fees.

Appellants argue that, when St. John's switched life insurance providers from Great West to LINA in 1998, St. John's had a duty to issue new life insurance designation forms to its employees. Appellants then reason that, had St. John's provided this designation form, Cowan would have re-designated Elliott as the beneficiary. The trial court granted St. John's motion for summary judgment on the basis that Appellants cannot show that St. John's conduct caused Appellants' alleged injury. The trial court found that Appellants had presented no evidence as to what Cowan would have done had he been presented with a new designation form prior to his death. However, we will uphold a trial court's granting of summary judgment if it could have been granted on grounds other than those relied upon. *Peet v. Randolph,* 33 S.W.3d 614, 619 (Mo. App. E.D.2000).

A showing of an injury is a necessary element in both a negligence claim and a negligent misrepresentation claim. *Petrol Properties, Inc. v. Stewart Title Co.,* 225 S.W.3d 448, 455 (Mo.App. S.D.2007); *Roth v. Equitable Life Assur. Soc. of U.S.,* 210 S.W.3d 253, 260 (Mo.App. E.D.2006). Assuming, without deciding, that Appellants would be able to demonstrate the other necessary elements of both the negligence and negligent misrepresentation claims, we find that Appellants cannot show that they were injured.

Essential to Appellants' claim against St. John's is the requirement that Cowan's designation of Elliott as the beneficiary of the life insurance policy was somehow revoked or the policy itself was not actually

enforceable and performed. No evidence has been presented that Cowan took any steps to revoke the designation, and LINA performed on the policy when it paid the funds into the interpleader action. Therefore, the only event that could have revoked the designation would have been the dissolution of the marriage between Cowan and Elliott.

Section 461.051 [1] governs the effect that a dissolution of a marriage has on non-probate transfers to former spouses. In 1994, that section provided that

> 1. If, after an owner makes a beneficiary designation in favor of a person who is the owner's spouse, the marriage is dissolved and the owner and that beneficiary are not married to each other at the owner's death, the beneficiary designation in favor of the owner's former spouse is revoked on the date the marriage is dissolved, whether or not the beneficiary designation refers to marital status[.]

However, Section 461.073 controls the scope and application of the non-probate transfers law. At the time of Elliott's and Cowan's marital dissolution, Section 461.073 stated, in pertinent part, that

> 6. Sections 461.003 to 461.014 and 461.021 to 461.081 *do not* apply to property, money or benefits paid or transferred at death pursuant to a life or accidental death insurance policy, annuity, contract, plan or other product sold or administered by a life insurance company. (emphasis added).

Therefore, as Section 461.051's automatic revocation upon dissolution provision did not apply to Cowan's and Elliott's divorce, Cowan's designation of Elliott as the beneficiary was valid at the time of his death. Appellants attempt to argue that, under St. John's contract with LINA, LINA was not required to recognize Cowan's prior

designation nor to provide coverage of that policy. However, that is not the facts this Court is faced with. LINA provided coverage under the policy when it interpleaded the funds. In so doing, LINA embraced and assumed responsibility and liability under the policy created between St. John's and Great West. Hence, there was an existing life insurance policy which named Elliott as the beneficiary. Appellants had an opportunity to litigate their claim to the life insurance proceeds, but chose to settle rather than obtaining a judgment on the issue.

Because Cowan's designation of Elliott was valid at the time of his death, Appellants cannot show that St. John's injured them by failing to issue a new beneficiary form to employees after contracting with LINA for a group life insurance policy. Even if St. John's had issued such forms, and, assuming that Cowan would have redesignated Elliott as the beneficiary, no actual change would have occurred. Under both scenarios, there exists a valid beneficiary designation under the policy. If Appellants had litigated the issue and the federal court had found that either the policy was not enforceable or that the designation of Elliott had been revoked, then perhaps Appellants would be able to show that St. John's failure to issue new forms caused an injury. Appellants had an opportunity to fully litigate this issue but chose not to.

The judgment of the trial court is affirmed.[2]

LYNCH, C.J., and BARNEY, P.J., concur.

---

2. St. John's has filed a motion to strike certain portions of Appellants' Appendix. Because we uphold the trial court's grant of summary judgment in favor of St. John's, we overrule St. John's motion to strike as moot.